JOHN S. WOOLFOLK *v.* SHIP GRAHAM'S POLLY AND MASTER.

Where a party is called in warranty, and becomes the real defendant in the case, he has the right to make all defences that go to defeat the plaintiff's demand.

Where the plaintiff resides out of the State, the defendant can institute a demand, in reconvention, against him for *any cause.*

APPEAL from the Fifth District Court of New Orleans, *Leaumont, J.* *Anderson Miller,* for appellant.   *Harrison & Hunton,* for appellee.

LABAUVE, J.   The petition states that John S. Woolfolk, who resides in Kentucky, is the master of the steamboat Peytona, engaged in carrying freight and passengers between Vicksburg and New Orleans. . That, on or about the — day of September, 1865, there were shipped on board said boat at Vicksburg, and consigned to Geo. W. Byrne at New Orleans, six bales of cotton; that there was also shipped on board said boat on the same trip, a quantity of cotton consigned to A. L. Gaines ; that the six bales of cotton above mentioned as having been consigned to Geo. W. Byrne, were erroneously taken from the wharf, where they had been discharged, by a drayman and erroneously delivered to A. L. Gaines, who has caused them to be shipped on board the vessel called the Graham's Polly, and they are now in the possession of the master thereof, whose name is unknown to petitioner ; that petitioner, by virtue of his possession as carrier, and by virtue of a transfer of Byrne, the consignee of said cotton to him, is lawfully entitled to the possession of said six bales of cotton, which were marked as follows, (W), which are of the value of $1,350.

The prayer is for a sequestration of said cotton.       *       *       *       *
That plaintiff be adjudged to be entitled to the possession of said cotton, and the sheriff and defendant be ordered to restore it to his possession, or in default thereof, to pay him the value thereof, and for general relief.

The captain and master of ship Graham's Polly, was duly cited and served with the petition.

Many exceptions and rules were filed below, and overruled by the Court, and we consider them unimportant and not seriously urged in this Court.

The answer of the defendants, the ship Graham's Polly and master, admits that A. L. Gaines shipped upon the ship Graham's Polly, thirty-six (36) bales of cotton marked (W) ; that they received the same as a shipment and consignment from said Gaines as an ordinary transaction for the purpose of transportation to the port of delivery, and deny that they have any interest in the said cotton or the six bales that were claimed by plaintiff, except as carrier as aforesaid.

The answer further states, that said A. L. Gaines, of New Orleans, was

the consignor of said cotton, and the only party interested therein or responsible therefor, and prays that said Gaines be called in to defend this suit, etc.

The answer of A. L. Gaines contains, first, many exceptions to the form of action, but our attention has not been particularly called to pass upon them, and then a general denial. It admits that there was a shipment of cotton to him, per steamer Peytona, of fifty-five bales, thirty-one bales marked (W), and twenty-four bales marked (S)—in all, fifty-five bales; but the said steamer delivered to defendant thirty-six bales marked (W), and nineteen bales marked (S), as his consignment, making five bales over of those marked (W), and five less of those marked (S). Defendant avers that the said steamer and plaintiff* were notified of said mistake, and requested to rectify the same, but they refused to do so, and insisted upon the acceptance of this cotton as the consignment of defendant, and requested the payment of the freight bill, which defendant refused to pay for upwards of ten days after the delivery of said cotton ; but, after frequent importunities to accept said substitute and pay for the freight bill, defendant accepted the consignment and paid the freight bill of said steamer. Defendant denies that he received any more or better cotton than he was entitled to demand of said plaintiff as his consignment, and denies that the same was erroneously taken from the wharf and delivered, but he states that he has received the same in good faith from said plaintiff, as the captain and master of said steamer. Defendant further pleads, that if judgment is rendered against him for the return of said six bales of cotton, then plaintiff would be responsible to him for the deficiency of six bales upon his consignment.

Defendant concludes by praying to call said plaintiff in as his warrantor to defend this suit, and for such judgment as might be rendered in the principal action. But should the Court believe this to be more properly a reconventional demand, defendant, assuming the character of plaintiff in reconvention, states and shows, that if the said John S. Woolfolk recovers, in this suit, judgment for the said six bales of cotton, or the value thereof, of the defendant, then your petitioner in reconvention will be entitled to recover judgment against said Woolfolk, also, for six bales of like cotton to make up the deficiency of his consignment, and he prays accordingly.

To this demand in reconvention, plaintiff peremptorily excepted, on the ground that the same is not connected with or incidental to the principal demand.

This exception was filed on the 23d November, 1865, and on the same day the case was tried, and judgment rendered in favor of plaintiff ; and in the same judgment the reconventional demand and call in warranty are dismissed. No reason is assigned for this dismissal, whether the exception was sustained or whether the reconventional demand was passed upon by the Court, on its merits, we are at a loss to know.

The plaintiff, pretending to find the six bales of cotton, alleged to belong to him, in the possession of the defendants, had the right to proceed as he did; and the defendants, disclaiming the ownership in the cotton, had the right, and it was their duty, to call in the shipper, A. L. Gaines, to defend his title to the cotton in the suit; the defendants were mere nominal parties.

A. L. Gaines became a real party defendant, and had the right to make all defences as an ordinary defendant to defeat plaintiff's demand, and could therefore plead any demand he might have against plaintiff, as authorized by law. The plaintiff residing out of the State, defendant could institute a demand in reconvention against him for *any cause.* Act of 1839, sect. 7, p. 164. At all events, we believe that justice requires the remanding of the case.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and avoided; that the exception to the reconventional demand be overruled; that the case be remanded to be tried according to law, and that plaintiff pay costs of appeal.